THOMAS J. HOWARD *et al. versus* The Inhabitants
of NORTH BRIDGEWATER.

Towns are not obliged to keep the whole of a highway, from one boundary to the
other, free from obstructions and fit for the use of travellers.

Thus, where the travelled part of a highway was raised with a gutter on each side,
and beyond the gutter on one side and at the distance of nearly eight feet from the
travelled path, were large loose stones which occasioned an injury to a traveller's
horse, it was *held*, that the town was not answerable for the injury.

THIS was an action of the case, upon *St.* 1786, *c.* 81,
§ 7, (see Revised Stat. *c.* 25, § 21, 22,) to recover doub e
damages for an injury sustained by the plaintiffs, in having
their horse's leg broken by reason of a highway in North
Bridgewater being suffered to be incumbered by several large
stones placed and left in it.

On the trial, before *Morton* J., upon the general issue, it
was proved that the plaintiff's horse was harnessed in a wagon
in the usual way ; that he was driven about a mile in a high-
way in North Bridgewater, when by accident the bolt by
which the whippletree was fastened to the cross-piece came
out and the whippletree fell suddenly upon the horse's legs ;
whereupon he was frightened, and broke from the harness,
and ran with great violence upon large loose stones which lay
in the road, and broke his leg. The surveyor of highways
and other inhabitants of the town knew of the stones, and that
they had been in the same position twenty years ; and the
surveyor testified that they had not been complained of until
a few days before the trial, and that he considered them no
injury to the road. The highway was thirty-four feet in
width, and was fenced with stone wall on both sides. The
stones were seven feet and eight inches from the cart rut
The south side of them lay five feet and eight inches from
the wall. They were three feet over, and covered with
briars. The width of the travelled path was fourteen feet,
within and exclusive of the gutters ; which at this place were
about one foot deep. The horse ran twenty-seven rods after
the whippletree had fallen.

The plaintiffs consented that a nonsuit should be entered,

Howard
*v.*
North
Bridge-
water.

Oct. 22d.

Oct. 24th.

the defendants agreeing, that if upon the foregoing facts the action was maintainable, the nonsuit should be taken off and the defendants defaulted.

*Eddy*, *Warren*, and *Stevens*, for the plaintiffs, cited *Bigelow* v. *Weston*, 3 Pick. 267.

*Wood* and *Beal*, for the defendants, cited *Smith* v. *Smith*, 2 Pick. 621 ; *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Flower* v. *Adam*, 2 Taunt. 314 ; *Butterfield* v. *Forester*, 11 East, 60.

*Per Curiam.* From the facts in the case it appears, that no negligence is imputable to the plaintiffs, that the injury to their horse was occasioned by the stones in the highway as alleged in the declaration, and that the defendants had notice of the obstruction ; and the only question is, whether these stones constituted such an obstruction, as renders the defendants liable for the injury sustained by the plaintiffs. If it was such an obstruction as they were bound to remove, they are answerable. It is necessary that we should consider what is required of towns. The *St.* 1786, *c.* 81, § 1, provides that highways shall be kept in repair and amended from time to time, that the same may be safe and convenient for travellers, with their horses, &c. Of course travellers are to use due diligence to avoid accidents, and towns are to keep the high ways in such condition that travellers using such care may go safe. We think it clear that this provision does not mean that the whole of the road, from one boundary to the other, shall be made smooth. In many cases all the property of the town would be insufficient for that purpose. There may be ledges of rocks, ravines, and water-courses in the road. It cannot be expected that towns shall, in all cases, make bridges the whole width of the road, or fill up ravines, or cut down ledges of rock. But there may be such obstructions out of the travelled path, as will render the road unsafe ; such, for instance, as would frighten horses. It is, in some measure, a practical question, what obstructions a town is obliged to remove. If in the case before us the town would be liable to indictment, they are answerable to the plaintiffs ; if otherwise, they are not. Here were large stones at the distance of about eight feet from the cart way ; the travelled part of the road was raised, and there was a gutter on each side of

t, and beyond one of the gutters were these rocks. If this town is liable to indictment, probably there is not one in the Commonwealth that is not liable for the like cause. Obstructions of this description are not precisely of the same nature with pits or deep water in the road ; against which it may be incumbent on the town to put up a railing. We think that the obstruction complained of was not a defect for which the defendants are liable.